UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff

vs

HENRY E. BAILEY,
        Defendant

Case No. 1:11-cv-0059
Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court upon plaintiff's unopposed Motion for Sanctions Pursuant to Rule 37(a)(3)(A). (Doc. 15). Plaintiff moves the Court to preclude defendant Henry E. Bailey under Rule 37(c)(1) from calling any witnesses and introducing any exhibits in support of his claims or defenses at trial, other than solely for purposes of impeachment. The basis for plaintiff's motion is that defendant has not timely provided any initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and has confirmed through correspondence with plaintiff's counsel that he has no responsive disclosures to make. (Doc. 15, Exhs. A-E). Specifically, defendant has represented through counsel that he "(a) is unaware of any individual, including himself, who is 'likely to have discoverable information' that he may use to support any possible defenses to the United States' claims . . .; (b) has no documents, tangible things, or electronically stored information that he may use to support any possible defenses to [the] United States' claims . . .; and (c) has no insurance agreements, including insurance policies held on any of his residential rental properties, 'under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.'" (*Id.*, Exhs. C, D, E).

Fed. R. Civ. P. 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Rule 26(a)(1)(A) requires disclosure of the following information:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . and
> (iv) . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

A party who fails to provide information or identify a witness as required under Rule 26(a) is precluded from using that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. Rule 37(c)(1). *See also Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport,* 596 F.3d 357, 370 (6th Cir. 2010).

Plaintiff's request that defendant be precluded under Rule 37(c)(1) from presenting any evidence or witnesses at trial except for purposes of impeachment is well-taken. Defendant has failed to make any timely disclosures pursuant to Rule 26(a) and has affirmatively represented that he has no witnesses, documents or insurance agreements to disclose. (Doc. 15, Exhs. C, D, E). Moreover, defendant does not oppose plaintiff's motion. Plaintiff's motion should therefore be granted.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's unopposed motion for sanctions (Doc. 15) be **GRANTED**.

2. Defendant be precluded from calling any witnesses or introducing any exhibits in support of his claims or defenses at trial except for impeachment purposes.

Date: 5/24/2011

Karen L. Litkovitz
United States Magistrate Judge

3

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

UNITED STATES OF AMERICA,　　　　　Case No. 1:11-cv-0059
　　　　　Plaintiff　　　　　　　　　　　　　Beckwith, J.
　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
vs

HENRY E. BAILEY,
　　　　　Defendant

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).