UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff

vs

HENRY E. BAILEY,
    Defendant

Case No. 1:11-cv-059
Beckwith, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

This matter is before the Court on plaintiff United States of America's motion to compel defendant Henry E. Baily to answer interrogatories and produce documents related to its claims pursuant to Fed. R. Civ. P. 37(a)(3)(B) (Doc. 24), defendant's response in opposition (Doc. 25), and plaintiff's reply memorandum. (Doc 26).

**I. Background**

The United States filed a complaint against defendant on January 31, 2011, alleging violations of the Fair Housing Act (FHA) based on conduct relating to his ownership and operation of rental properties in Cincinnati, Ohio. (Doc. 1). On April 7, 2011, the government served interrogatories upon defendant seeking, *inter alia*, "information and documents concerning telephonic communications that Defendant had with prospective, current, and former tenants of his Cincinnati, Ohio, area rental properties." (Doc 24, p. 4 and Exh. A, Certification and Declaration of Counsel Tanya Ilona Kirwan, at ¶ 3). Defendant's response was due May 12, 2011. (*Id.* at ¶ 4). On May 11, 2011, defendant contacted plaintiff and requested an extension of time until May 26 or 27, 2011 to provide responses to the interrogatories. (*Id.* at ¶ 5). Plaintiff agreed to extend the deadline until May 27, 2011. (*Id.* at ¶ 6). After failing to receive defendant's responses by the extended deadline, the government informed defendant on June 1,

2011, that if his responses were not received by June 3, 2011, the government would seek court intervention. (*Id.*, Exh. F, p. 2). On June 5, 2011, counsel for defendant communicated to the government that he was formatting responses and the government agreed to extend the deadline to June 13, 2011. (*Id.*, Exh. G, p. 2 and Exh. A at ¶ 7). The government received defendant's unsigned responses to its interrogatories and discovery requests on June 14, 2011. (*Id.*, Exh. A at ¶ 8).

On June 30, 2011, the government requested that defendant supplement a number of allegedly deficient discovery responses. (*Id.*, Exh. H). One such response was to Interrogatory No. 18, wherein plaintiff requested the following information from defendant as to all telephone numbers he had used from March 1991 to the present to communicate with current, former, or prospective tenants: "the ten-digit telephone number, the name of the telephone company through which [he] obtained the telephone number, the account number associated with the telephone number, and the date that [he] started and, if applicable, stopped using the telephone number." (*Id.*, Exh. B, p. 15). Defendant provided two telephone numbers and names of telephone companies, but defendant failed to provide account numbers or dates of usage for each. (*Id.*). In its June 30, 2011 letter, the government requested that defendant provide this information, or in the alternative, "sign an Authorization for Release of Telephone Records" so it could obtain this information directly from the service providers. (*Id.*, Exh. H, p. 6). The government made this same request on August 17, 2011. (*Id.*, Exh. A at ¶ 13). Defendant did not supplement his responses and has indicated his unwillingness to consent to the release of the information without being served a subpoena. (*Id.*, Exh. A at ¶ 15). The government attempted to confer with defendant again on September 13, 2011, regarding the telephone account numbers and dates of

service but received no response. (*Id.*, Exh. J, p. 2).

The government subsequently filed its motion to compel disclosure of this information on September 26, 2011. (*Id.*, pp. 2-3). The government asserts that this information is relevant to its claim that defendant subjected female tenants to unwanted sexual harassment, advances, and comments. (*Id.*, p. 10). Plaintiff also seeks attorney's fees in the amount of $3,852.50 incurred in connection with the filing of the motion to compel. (*Id.*, p. 14) (citing Fed. R. Civ. P 37(a)(5)(A)).

In opposition to plaintiff's motion to compel, defendant asserts that he has answered the Interrogatories and Request for Production of Documents to the best of his ability. (Doc. 25, p. 1). He further contends that his admission during his deposition that he communicated via telephone and text messaging with former tenants makes the release of the requested information unnecessary. (*Id.*). In response to the demand for attorney's fees, defendant asserts that he is unable to pay the requested amount and that the government did not incur any additional expenses in connection with his failure to respond because it obtained the information it requested during defendant's deposition. (*Id.*, pp. 1-2).

Plaintiff counters in its reply that defendant's admissions during the deposition testimony that he sent over 100 sexually explicit text messages to tenants shows the relevance of the requested documents and information. (Doc. 26, p. 2). Plaintiff further asserts that a party's inability to pay fees and expenses is not grounds for denying them when a party successfully compels discovery responses. (*Id.*, p. 3).

## II. Standard of review

Determining the scope of discovery is within this Court's discretion. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). The scope of discovery under the Federal Rules "is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Discovery is more liberal than the trial setting, as Fed. R. Civ. P. 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). The Federal Rules permit "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (Rule 26 broadly "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.").

Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection . . . if . . . a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). Before making a motion to compel disclosure or discovery, though, the moving party must "in good faith confer[ ] or attempt[ ] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Thus, before moving to compel discovery, a party must first show that it sought discovery from its opponent but was unable to resolve the dispute. *McDermott v. Continental Airlines, Inc.*, 339 F. App'x 552, 560 (6th Cir. 2009) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3rd Cir. 1995)).

Fed. R. Civ. P. 37 further provides that "if [a] motion [to compel] is granted . . . the court

must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order payment, though, if the moving party did not confer in good faith prior to filing the motion to compel, the opposing party's failure to respond was substantially justified, or circumstances exist which make the award unjust. Fed. R. Civ. P 37(a)(5)(A)(i)-(iii).

### III. The motion to compel is granted.

The information the United States seeks is relevant to its claim that defendant violated the FHA by subjecting actual and prospective tenants to unwelcome sexual harassment. Bailey admitted during his deposition that he sent more than 100 sexually explicit text messages to tenants. (Doc. 24, Exh. K, p. 5). Given this admission, it is clear that information pertaining to telephone communications with tenants of his properties "encompass[es] [a] matter that bears on, or that reasonably could lead to other matters that could bear on, [an] issue that is … in the case." *See Oppenheimer Fund, Inc.,* 437 U.S. at 351. Accordingly, the government is entitled to discover the telephone account and service information it seeks so as to be able to fully investigate its allegations against defendant.

Furthermore, plaintiff has attempted in good faith to confer with defendant to resolve this dispute. The government received defendant's responses to its interrogatories on June 14, 2011, after having given him four extensions to answer. The government subsequently made three requests to defendant to supplement the responses by providing either the account numbers and dates of service for the listed phone numbers or an authorization for the release of the records. Defendant has failed to provide the requested information despite plaintiff's good faith efforts to

obtain the requested discovery without court intervention.

### IV. Defendant must pay plaintiff its reasonable expenses

Because the Court is granting the motion to compel, defendant must pay plaintiff its reasonable attorney fees incurred in making the motion to compel. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff seeks attorney fees in the amount of $3,852.50 for a total of 11½ hours of work performed at a rate of $335.00 per hour. (Doc. 24, pp. 15-16). In support of the request, counsel Tanya Ilona Kirwan states in her affidavit that she spent 8.5 hours researching and drafting the motion to compel and 3 hours questioning defendant at his July 2011 deposition concerning his deficient discovery responses. (*Id.*, Exh. A at ¶ 16). Plaintiff has also submitted documentation to demonstrate that $335.00 constitutes a reasonable hourly rate for an attorney with Ms. Kirwan's experience. (*Id.*, Exh. L).

Defendant does not challenge as unreasonable either the requested hourly rate or the number of hours counsel spent preparing the motion to compel. Defendant simply asserts he does not have the ability to pay the requested amount. (Doc. 25, p.1). However, defendant presents no authority to demonstrate that a mere allegation of an inability to pay a party's attorney fees is a sufficient basis for the Court to decline to order the mandatory payment of such fees under Rule 37. Accordingly, defendant must pay plaintiff for the 8.5 hours of work counsel performed researching and drafting the motion to compel at an hourly rate of $335.00. These fees total $2,847.50. Plaintiff is not entitled to recover its attorney fees for the three hours of time counsel spent questioning defendant at his deposition as such fees were not "incurred in making the motion [to compel]," as required under Rule 37(a)(5)(A).

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion to compel (Doc. 24) is **GRANTED**. Defendant is **ORDERED** to supplement his discovery response to Interrogatory No. 18 and produce the telephone account numbers and dates of service for the telephone numbers he previously provided, or to sign the Authorization for Release of Telephone Records, within **ten (10) days** of the date of this Order.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant be **ORDERED** to pay plaintiff the sum of $2,847.50 for expenses incurred in making the motion to compel.

**IT IS SO ORDERED.**

Date: 3/1/2012

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs

HENRY E. BAILEY,
    Defendant

Case No. 1:11-cv-059
Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).