# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,  )
                           )
          Plaintiff,       ) Case No. 1:11-CV-59
                           )
     vs.                   )
                           )
Henry E. Bailey,           )
                           )
          Defendant.       )

## O R D E R

This matter is before the Court on Defendant Henry E. Bailey's objections to Magistrate Judge Litkovitz's Order and Report and Recommendation of March 31, 2012 (Doc. No. 35). For the reasons that follow, Defendant's objections are not well-taken and are **OVERRULED.**

The United States sued Defendant Henry E. Bailey, alleging that he violated the Fair Housing Act by subjecting actual and prospective female tenants to unwelcome sexual harassment. As part of discovery, the United States sought production of a number of years of Bailey's telephone records. Bailey refused to sign an authorization which would have allowed the United States to obtain the records directly from the phone companies. Moreover, despite receiving several extensions from the United States, Bailey did not produce the telephone records himself. Nor did he move the magistrate judge for a protective order. Bailey's failure to provide the telephone records

himself, or to sign a release, ultimately required the United States to file a motion to compel.

In an Order and Report and Recommendation dated March 1, 2012, Magistrate Judge Litkovitz determined that the United States is entitled to production of the requested phone records. Therefore, Judge Litkovitz granted the United States' motion to compel.  Judge Litkovitz also determined that Bailey must pay the United States' attorney's fees associated with bringing the motion to compel in the amount of $2,847.50.

Bailey filed timely objections to Judge Litkovitz's order.  Doc. No. 35.  Bailey, however, objects only Judge Litkovitz's order that he must pay the United States' attorney fees associated with filing the motion to compel.  He does not object to the amount of fees awarded by Judge Litkovitz.  Bailey argues - briefly - that he cannot pay the award of attorney's fees because he is in bankruptcy and that an award of fees is not warranted because he meant no disrespect, and was not trying to frustrate discovery, by not producing the requested information. This Court reviews a magistrate judge's order or report and recommendation awarding fees de novo.  McCombs v. Meijer, Inc., 395 F.3d 346, 360 (6th Cir. 2005).

Federal Rule of Civil Procedure 37(a)(4)(A) mandates that the trial court award the moving party its attorney's fees after granting a motion to compel, unless the responding party

had substantial justification, or some other circumstance makes an award of fees unjust. Youn v. Track, Inc., 324 F.3d 409, 421 (6th Cir. 2003). Bailey's refusal to provide the discovery requested by the United States was not justified. Bailey, who is represented by counsel, never objected to the discovery request on any grounds. Bailey had more than an ample opportunity to provide the discovery himself before the United States filed its motion to compel. Furthermore, Bailey refused to authorize the United States to obtain the records it sought directly from the phone company, which would have been the easiest way for it to obtain the information. Therefore, Bailey's refusal to produce his phone records was not justified.

Bailey, moreover, has not identified any grounds which would make an award of attorney's fees unjust. Bailey's assertion that he is financially unable to pay the United States' attorney's fees is not supported by an affidavit or other evidence. Bailey, therefore, has not demonstrated that awarding the United States its attorney's fees in this case would be unjust. See, e.g., Laye v. American Drug Stores, Inc., 29 Fed. Appx. 391, 393-94 (7th Cir. 2002) (affirming district court's award of attorney's fees against pro se plaintiff under Rule 37; plaintiff never presented district court with proof of her inability to pay sanction).

Accordingly, Bailey's objections to Magistrate Judge Litkovitz's Order and Report and Recommendation are not well-taken and are **OVERRULED.**

**IT IS SO ORDERED**

Date April 17, 2012         s/Sandra S. Beckwith
                                Sandra S. Beckwith
                            Senior United States District Judge